IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DARYL B. KIDDEY, | ) | Case No. 4:22-cv-00341-SMR-WPK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON DEFENDANT'S MOTION |
| | ) | TO DISMISS |
| TRANSPORTATION SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Daryl B. Kiddey was terminated from his position as a Transportation Security Officer at the Des Moines Airport shortly after he began his employment with Defendant. Plaintiff filed this suit against Defendant Transportation Security Administration ("TSA"), alleging employment discrimination under the Americans with Disabilities Act ("ADA"). [ECF No. 1]. Defendant filed a Motion to Dismiss. [ECF No. 11]. For the discussed reasons below, Defendant's Motion is GRANTED.

I.      BACKGROUND

*A. Factual Background*

On October 14, 2018, Kiddey was hired by the TSA and placed on a 2-year trial period to monitor his performance and conduct. [ECF No. 1-3 at 1]. A TSA Management Directive provided that during the two-year trial period, an employee may be terminated from their position if the supervisor determines that the performance or conduct is unacceptable. *Id.* Between October and November 2018, TSA identified six incidents of poor performance and unprofessional conduct by Plaintiff. *Id.* at 1–2. Specifically, TSA claimed he read an ID upside down, did not correctly process a boarding pass that resulted in a passenger entering the wrong screening line, left his

1

station without first obtaining permission to do so or properly securing his station, and violated the dress code.  *Id*.  On November 30, 2018, TSA terminated his employment after multiple failed attempts to correct his performance and conduct issues.  *Id*. at 2.

## B.  Procedural Background

On July 9, 2021, Plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor, asserting that the TSA discriminated against him because of his attention deficit hyperactivity disorder (ADHD).  *Id*. at 7.  Generally, he was required to contact the EEO Counselor within 45 days after the date of the alleged discriminatory action.  *Id*. at 6.  Over two years passed since his termination before he contacted the agency.  *Id*.  His explanation for the delay was that he did not have the necessary contact information.  EEO closed his case on September 21, 2021.[1] *Id*. at 9.

Plaintiff initially filed this employment discrimination action against the TSA in the United States District Court for the Northern District of Ohio.  [ECF No. 1].  Defendant moved to dismiss for improper venue.  [ECF No. 4].  The motion was granted in part and the case was transferred to this District.  [ECF No. 6].

On May 31, 2023, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that (1) the Court lacks subject matter jurisdiction over Plaintiff's claims under the ADA or the Rehabilitation Act, (2) the Court lacks subject matter jurisdiction over his claims because he failed to exhaust his administrative remedies, and (3) his complaint fails to state a claim.  [ECF No. 11-1].  Plaintiff filed a response.  [ECF No. 12].  For the reasons discussed below, the Motion is GRANTED.

---

[1] The pleadings do not state the EEO's reason for completing his case.

## II.      GOVERNING LAW

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A court must dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. United States Postal Service*, 450 F.3d 797, 799 (8th Cir. 2006) (citing *Cont'l Cablevision of St. Paul, Inc. v. United States Postal Service*, 945 F.2d 1434, 1437 (8th Cir. 1991)).  To decide if a claim must be dismissed under Rule 12(b)(1), a court must first "distinguish between a 'facial attack' and a 'factual attack.'"  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015).  A "facial attack" on a complaint is restricted to the pleadings and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Id.* (citation omitted).  In other words, the court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).  Defendant brings a facial attack on the Court's subject-matter jurisdiction.

## III.      ANALYSIS

The parties dispute each issue that bears upon the existence of subject-matter jurisdiction: (1) whether federal agencies are covered by the ADA; (2) whether the Aviation and Transportation Security Act ("ATSA") precludes claims by TSA employees brought pursuant to the Rehabilitation Act; and (3) whether Plaintiff failed to exhaust his administrative remedies.[2]

---

[2] Because the Court concludes that it does not have subject-matter jurisdiction over this case, it will not address Defendant's argument that the complaint also fails to state a claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (holding that if subject-matter jurisdiction is not present, a federal court may not decide "just a few" legal or factual questions before dismissing a case).

The Court concludes that it does not have subject-matter jurisdiction over the claims because neither statute applies to Plaintiff's position with the TSA.[3]

### A.  ADA Application to the Federal Government

Plaintiff brought this employment discrimination suit under the ADA.  [ECF No. 1]. Defendant maintains that the ADA does not apply to the federal government, so the Court does not have subject-matter jurisdiction over such claims.  [ECF No. 11-1 at 4].

Title I of the ADA prohibits certain discriminatory actions by employers against employees and job applicants on the basis of disability.  The ADA does not apply to all employers but only to specified "covered entities."  *See* 42 U.S.C. § 12111(2) (defining a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee"). Relevant to this case, the ADA expressly states that Title I discrimination provisions do not include the federal government.  *See id*. § 12111(5)(B)(i) (stating that an "employer" does not include "the United States, a corporation wholly owned by the government of the United States, or an Indian tribe").  Because the federal government is not a covered entity under the ADA, claims for discrimination under the law cannot be brought against the TSA.

### B.  Rehabilitation Act

Giving a liberal construction to Plaintiff's *pro se* complaint, the Court will consider whether his claims for employment discrimination are viable under the Rehabilitation Act. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that *pro se* complaints should be "liberally construed.").  The Rehabilitation Act of 1973, contrasted with the ADA, not only contemplates the

---

[3] Aside from the Court's conclusion regarding the applicability of the ADA and Rehabilitation Act, Plaintiff has also failed to satisfy the administrative requirements under either law.  His administrative complaint was initiated years after the permissible timeframe to do so. The failure to satisfy administrative requirements is an independent basis to dismiss the Complaint.

federal government as falling within its scope, but it is also the exclusive remedy for a federal employee who alleges disability-based discrimination. *Loos v. Napolitano*, 665 F. Supp. 2d 1054, 1057–58 (D. Neb. 2009) (collecting cases). Despite the Rehabilitation Act's general applicability to the federal government, Defendant argues Plaintiff's claims must be dismissed because Congress provided the TSA with broad discretion over its employees under the ATSA.

The relevant portion of the ATSA provides:

> *Notwithstanding any other provision of law*, the Under Secretary of Transportation for Security may employ, appoint, discipline, *terminate*, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary.

49 U.S.C. § 44935 (emphasis added). The United States Court of Appeals for the Eighth Circuit has not addressed the interaction between federal employment laws and the ATSA's grant of broad authority to the TSA on personnel matters. Other Courts of Appeals have confronted the issue and unanimously determined that the ATSA supersedes the provisions of the Rehabilitation Act as it relates to TSA employees. The plain language of the statute also supports this conclusion. Therefore, the Court agrees with Defendant that even if Plaintiff's claims are construed as arising under the Rehabilitation Act, the ATSA precludes subject-matter jurisdiction over the claims.

In the aftermath of the attacks on September 11, 2001, Congress established the TSA "to assess and manage threats against air travel." *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 241 (2014). The TSA Administrator was vested with a wide array of functions over air travel. 49 U.S.C. § 114(d)-(f). Important for this discussion, the Administrator has the sole authority over screening operations that include "develop[ing] standards for the hiring and retention of security screening personnel." *Id*. § 114(e). "Congress 'recognize[d] that, in order to ensure that Federal screeners are able to provide the best security possible, the Secretary must be

given wide latitude to determine the terms of employment of screeners.'" *Field v. Napolitano*, 663 F.3d 505, 508 (1st Cir. 2011) (citation omitted).

The "notwithstanding" clause of the ATSA is reflective of this discretion.  All other circuits have interpreted this clause to mean that the TSA has sweeping authority to set its own terms of employment over its security screeners, and thus not subject to other statutory provisions including the prohibitions against employment discrimination under the Rehabilitation Act.  *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382 (Fed. Cir. 2004); *Field*, 663 F.3d at 511; *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 330 (5th Cir. 2021); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (per curiam); *Galaza v. Mayorkas*, 61 F.4th 669, 671–73 (9th Cir. 2023); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (per curiam). The Court holds that the ATSA precludes applicability of the Rehabilitation Act to TSA security screeners, thus depriving it of subject-matter jurisdiction to consider Plaintiff's claims under the law.

## IV.    CONCLUSION

The Court does not have subject-matter jurisdiction over Plaintiff's claims.  For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  The case is DISMISSED.


IT IS SO ORDERED.

Dated this 5th Day of February, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT